## Wacker et al. *versus* Straub.

1. In an action upon a mortgage given for purchase-money the vendee may set off damages arising from a breach of warranty of title as to a portion of the premises, but if he has remained in possession in estimating such damages he is not entitled to interest thereon, although a judgment in ejectment has been recovered against him.

2. A plaintiff in error must show by the record how the evidence became material, for if it, to all appearance, has no connection with the matter on trial the presumption is that the court were right in rejecting it.

November 7th 1879. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1878, No. 180.

Scire facias sur mortgage by John Straub against John P. Wacker and others on a mortgage given for purchase-money on certain real estate in the city of Allegheny.

The following facts were found by a special verdict. That on October 1st 1864, John N. Straub, the plaintiff, conveyed the premises in dispute to John P. Wacker, George Steurnagle, John Gipperich and John J. Wacker by deed of general warranty, and said vendees entered into possession of the same.

That upon the execution of said deed said vendees executed and delivered to plaintiff their bond for the payment of $22,000, secured by the mortgage upon which the scire facias was issued in this case.

That on the 1st day of January 1866, John Joseph Wacker and John Gipperich conveyed all their interest in the premises to their co-tenants, John P. Wacker and George Steurnagle, and on the 1st day of November 1872, George Steurnagle conveyed all his interest therein to John P. Wacker, and on the 11th day of June 1875, the interest of John P. Wacker was sold by the sheriff to Theodore Hueskin, and was conveyed to him by deed dated April 22d 1876;

[Wacker v. Straub.]

said Hueskin purchased and held the same in trust for John Gipperich and John Huckestein, who owned the premises at the time suit was brought in this case.

That on the 5th day of July 1870, an action of ejectment was instituted by the West Pennsylvania Railroad Company against John P. Wacker and George Steurnagle, and upon the 8th day of January 1876, a verdict was rendered in favor of said plaintiff for a portion of the ground contained within the boundaries as described in the deed of John N. Straub, as indicated by the distances mentioned in said deed, and upon which was a portion of the buildings occupied by said Straub at the time of said sale.

That the portion of said premises for which said railroad company recovered was claimed to be and recovered as the slope of the bermebank of the Pennsylvania canal, which they had purchased from the Commonwealth of Pennsylvania.

That judgment was entered on the verdict in said case on the 13th day of January 1872, but no execution was issued thereon, and the parties claiming title under the defendants in this case are still in possession of the premises.

That John N. Straub was not a party to said action of ejectment and was not formally notified to defend the same, but was notified by John P. Wacker, one of the defendants; that the writ of ejectment had been served upon him immediately after the service, and he took part in the defence and contributed to payment of counsel.

We further find, that the property is damaged by the taking of the property recovered by the West Pennsylvania Railroad Company to the amount of $2150.

That there is due and unpaid upon said mortgage, including interest to this date, $9390.50.

The jury not being advised whether or not, under the facts in this case, the defendants are entitled to set off the damage aforesaid, do find in favor of the plaintiff for the sum of $9390.50.

That under all the evidence in the case, the plaintiff is entitled to receive the full amount of debt and interest upon his mortgage now remaining unpaid, subject to the opinion of the court upon the question of law whether or not the defendants in this case are entitled to set up said damages as a defence to the same, as claimed by plaintiffs. And if the court shall be of the opinion that they are not entitled so to do, then judgment to be entered upon the verdict upon the amount so found; and if they be so entitled the amount of said damages to be deducted from said sum and judgment to be entered accordingly, *non obstante veredicto.*

The only evidence presented in the case were the extracts contained in the assignments of error, which consisted of offers of evidence by defendants relating to the breaking of a sewer, which were excluded by the court on the ground of irrelevancy.

7 NORRIS—3

[Wacker *v.* Straub.]

Plaintiff submitted the following points, both of which the court, Kirkpatrick, J., affirmed.

1. The rule for determining the damages in this case is to ascertain the proportion between the value of the property taken and that which is left, and apply the same proportion to the purchase-money.

2. That the defendants, having been in undisturbed possession of the premises, are not entitled to any allowance for interest on the damages so found.

The defendants submitted the following points, which the court refused:

3. As the damages to be set off are for a failure of consideration of part of the purchase-money, therefore, as to that part of the consideration of the mortgage sued on as to which the jury may find there is a failure of consideration, the plaintiff cannot recover interest. That is, the jury should first fix the damages, then deduct the same from the principal of the mortgage, and allow interest on the balance, if any.

4. If the court decline our third point, then we ask the court to charge that no interest can be recovered from the defendants for that part of the mortgage extinguished by the damages for the six years preceding the recovery by the verdict in the ejectment case.

5. If the court also refuse our fourth point, then we ask the court to charge that no interest can be recovered on that part of the mortgage extinguished by the damages for six years last past.

After argument and consideration of the questions reserved in the special verdict, the court entered judgment for the plaintiff for $7240.50. Defendants then took this writ, assigning for error the rejection of their testimony, the answers to the above points, and the entry of judgment for plaintiff.

*Wm. B. Rodgers* and *John Burton,* for plaintiffs in error.—The contract between the parties was evidenced by the deed of general warranty from plaintiff below to defendants, in evidence. It conveyed land that the vendor did not own. The contract was broken as soon as it was made.

The value of the portion of the land he did not own, included in the mortgage, he had no right to demand, collect or receive, and of course he had no right to collect interest on that portion of the principal of the mortgage. If he had no legal title to or right to recover the principal, by what process of reasoning are we to arrive at the conclusion that he could collect interest on this principal?

Suppose the title had failed to the whole of the premises described in the deed, would it be contended that the plaintiff, although not entitled to recover on the mortgage for the principal, was still entitled to recover for interest on the sum he had no right to receive or collect?

[Wacker v. Straub.]

But it is said, and the reason given for holding us for interest down to the day of trial, is because we were not evicted or turned out of possession by the party who recovered against us in the eject- ment. We having remained in possession with the consent of the owner, may be liable to the true owner for use and occupation, but certainly we are not liable to our vendor for the *use* or interest of money that we do not owe him.

And we were and are liable to the owner in an action for mesne profits for six years prior to the commencement of the ejectment, as ruled in this court in Cox's Adm'r v. Henry, 8 Casey 18.

That the rule is the same in case the action is for purchase-money as it is in case the action is against the vendor for a breach of the warranty, we refer to Beaupland v. McKeen et al., 4 Casey 124, opinion by Justice WOODWARD.

*Bruce & Negly* and *Slagle & Wiley*, for defendant in error.— The defendants were in undisturbed possession of the premises, and are not entitled to any allowance of interest on the damages found: Beaupland v. McKeen, 4 Casey 124; Cox's Adm'r v. Henry, 8 Id. 18; Caulkins v. Harris, 9 Johns. 324; Bennet v. Jenkins, 13 Id. 50; Clark v. Parr, 14 Ohio 118.

The judgment of the Supreme Court was entered November 18th 1878,

PER CURIAM.—It does not appear from any evidence in the cause (none being printed) that the question as to the sewer became material. The objection as to irrelevancy must therefore prevail. A plaintiff in error must show by the record how the evidence became material, for if it, to all appearance, has no connection with the matter on trial, the presumption is that the court below was right.

We discover no error as to the interest under the facts stated.

Judgment affirmed.

Mr. Justice TRUNKEY filed a dissenting opinion as to the interest.