554 A.2d 970

**Albert OVERLY and Ellen Mae Overly, his wife,**

v.

**Suzanne L. KASS and David M. Kass, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1988.

Filed March 1, 1989.

William F. Caruthers, Greensburg, for appellants.

Francis R. Murrman, Meadville, for appellees.

Before BROSKY, JOHNSON and MELINSON, JJ.

MELINSON, Judge:

Appellants, Suzanne L. and David M. Kass [hereinafter "Kasses"], appeal from the Order of the Court of Common Pleas of Westmoreland County, Pennsylvania, granting Appellees', Albert and Ellen Mae Overly [hereinafter "Overlys"], Motion for Summary Judgment.

■ In determining whether the trial court erred in granting or denying a motion for summary judgment, this court must determine whether the "pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. Rule 1035(b); *Driscoll v. Carpenters Dis-*

*trict Counsel of Western Pennsylvania,* 370 Pa.Super. 295, 536 A.2d 412 (1988); *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 174–75, 507 A.2d 323, 331 (1986); *Langan v. Harleysville Ins. Co.,* 376 Pa.Super. 372, 374, 546 A.2d 75, 76 (1988); *Helinek v. Helinek,* 337 Pa.Super. 497, 487 A.2d 369 (1985); *Loyal Christian Benefit Association v. Bender,* 342 Pa.Super. 614, 493 A.2d 760 (1985). "However, summary judgment may only be entered in those cases which are clear and free from doubt." *Consumer Party of Pennsylvania,* 510 Pa. 158, 174–75, 507 A.2d 323, 331; *Langan,* 546 A.2d at 76; *Weiss v. Keystone Mack Sales,* 310 Pa.Super. 425, 456 A.2d 1009 (1983); *Rossi v. Pennsylvania State University,* 340 Pa.Super. 39, 489 A.2d 828 (1985). We must determine whether there exists any genuine issue of triable fact. *Driscoll,* 370 Pa.Super. 295, 536 A.2d 412. The moving party has the burden of proving that no genuine issue exists as to the material facts, and the record must be examined in the light most favorable to the non-moving party. *Thompson v. Nason Hospital,* 370 Pa.Super. 115, 535 A.2d 1177 (1988); *Knecht v. Citizens and Northern Bank,* 364 Pa.Super. 370, 528 A.2d 203 (1987).

In making this determination, we must accept as true all properly pleaded facts, as well as all reasonable inferences which might be drawn therefrom. *Thompson,* 370 Pa. Super. 115, 535 A.2d 1177; *Knecht,* 364 Pa.Super. 370, 528 A.2d 203. Furthermore, we shall not disturb the trial court's decision granting summary judgment unless there has been an error of law, or a manifest abuse of discretion. *Dumé v. Elkcom Co., Inc.,* 368 Pa.Super. 280, 533 A.2d 1063 (1987).

Parties seeking to avoid the entry of summary judgment against them may not rest upon averments contained in their pleadings; rather, they are required to show, by depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial, and the court must ignore controverted facts contained in the pleadings and restrict its review to material filed in support of and in

opposition to a motion for summary judgment and to those allegations in pleadings that are uncontroverted. Pa.R.C.P. Rule 1035(d); *Washington Federal Savings & Loan v. Stein,* 357 Pa.Super. 286, 515 A.2d 980 (1986). "The court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings." *Id.* 357 Pa.Super. at 289, 515 A.2d at 981, *citing Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973) *and Younginger v. Heckler,* 269 Pa.Super. 445, 410 A.2d 340 (1979).

A brief synopsis of the facts of this case is requisite for disposition of this issue. Those facts have been succinctly stated by the trial court as follows:

> The [Overlys] agreed to sell their farm to … Suzanne L. Kass. As a consideration of this sale, [Kass] made and delivered to the [Overlys] a purchase money mortgage, together with a mortgage [note], made in the sum of $175,000.00. Pleadings indicate that [Kass] has failed to deliver to the Overlys a payment of principal or interest since April, 1986.
>
> As a result of the Kasses' failure to honor the agreement, the [Overlys] notified the [Kasses] of their demand for payment and their intention to take action on the mortgage note. On March 6, 1987, the [Overlys] filed their Complaint and the [Kasses] Answered (sic) on April 6, 1987. On July 2, 1987, the Court determined that David M. Kass is not a real party in interest…. … Suzanne L. Kass, in her New Matter and Counterclaim presents an affirmative defense that certain defects existed on the subject property that the [Overlys] intentionally withheld from the [Kasses][,] and other misrepresentations with respect to conditions of the property.

The Overlys filed a motion for summary judgment on September 1, 1987. By Order of the court, the Overlys motion was granted on November 30, 1987. Pursuant to that Order, The Kasses' Counterclaim was severed, and, the Kasses were ordered to proceed in Assumpsit in the Westmoreland County Court of Common Pleas. It is from the

Order of the Court granting summary judgment in favor of the Overlys that the Kasses appeal.

The Kasses argue that there was a set-off arising from an oral agreement made as either part of, or supplemental to, the mortgage. They further argue that such a set-off is allowable against a judgment on a bond secured by a purchase money mortgage. Thus, the Kasses assert that an issue of fact exists as to whether they are entitled to a set-off against the amount due. Therefore, the Kasses' argument concludes, the trial court erred in granting the Overlys' motion for summary judgment and ordering the Kasses' Counterclaim severed and directing the Kasses to proceed in Assumpsit.

The Kasses allege that numerous representations were made by the Overlys with regard to the mortgaged premises; that the Overlys have never followed through on any of these representations; that the Kasses have expended and will continue to expend substantial sums of money to put the property in the condition as represented to them by the Overlys; and, that some of the value of the property as promised by the Overlys will never be realized by the Kasses. The Kasses further contend that these representations formed part of the consideration for the contract of sale, thereby orally modifying the written agreement, and that the representations made by the Overlys and agreed to by the Kasses clearly formed an agreement related to and supplemental to the mortgage.

The Overlys, on the other hand, contend that the pleaded facts set forth by the Kasses are so tenuous as not to be part of, or incident to, the creation of the mortgage, and thus, the Kasses' counterclaim is impermissible pursuant to Rule 1148 of the Pennsylvania Rules of Civil Procedure.[1] Thus, the trial court correctly entered summary judgment

1. Pa.R.C.P. Rule 1148 provides:
 **RULE 1148. COUNTERCLAIM**
 A defendant may plead a counterclaim which arises from the same transaction or occurrence or series or transactions or occurrences from which the plaintiff's cause of action arose.

in their favor and severed the Kasses counterclaim. We agree.

■ This court, in *Warden v. Zanella*, 283 Pa.Super. 137, 423 A.2d 1026 (1980), stated:

Pa.R.C.P. 1148 provides that in an action of mortgage foreclosure

A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose.

In Goodrich–Amram it is said:

It [Rule 1148] restricts every defendant to claims which arise from the same transaction or occurrence from which the plaintiff's cause of action arose.... No defendant may now set off a claim against the plaintiff simply because its nature is contractual or quasicontractual, as allowed in assumpsit actions.

The claim must now arise, in some manner, from the mortgage relationship. A counterclaim could be filed, for example, for damages for breach of warrant of title to the mortgaged premises. [*Cf. Wacker v. Straub*, 88 Pa. 32 (1879).] ...

3 Goodrich–Amram 2d, § 1148:1, p. 488.

*Id.*, 283 Pa.Super. at 143–44, 423 A.2d at 1029–30. Thus, our task is to determine whether the facts alleged in the Kasses' counterclaim are "part of, or incident to, the creation of" the mortgage itself.

■ The Kasses allege, *inter alia*, that the Overlys made numerous misrepresentations regarding the condition of the premises prior to sale. Now, the Kasses wish to receive a set-off against the mortgage obligation by setting forth allegations of oral representations. More specifically, the representations include that a rusted trailer, a rusted and inoperable truck and a dilapidated lean-to[2] would be removed from the property by the Overlys; that the Kasses

2. A lean-to is a wing or extension of a building, or a shelter or rough shed, having a roof with only one slope or pitch. Webster's Ninth New College Dictionary, p. 680 (1987).

would be entitled to about $14,000.00 in consideration of the continued use of their property by the Peoples Natural Gas Company; and that certain crop subsidies would be immediately available to them from the government for growing certain types of crops. These alleged representations concern the agreement of sale, however, and are not part of, or incident to, the creation of the mortgage.

The mortgage is an interest in the mortgaged property created by a written agreement providing security for the payment of a debt or an obligation. None of the facts alleged by the Kasses deals even remotely with the creation of that security interest; rather, they deal with the agreement between the buyers and the sellers of the property. Accordingly, the Kasses' counterclaim does not arise as part of, or incident to, the creation of the mortgage.

The courts power to sever the Kasses' counterclaim is premised on Rule 213 of the Pennsylvania Rules of Civil Procedure. The decision whether to sever a cause of action lies within the discretion of the trial court. Rule 213 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

RULE 213. CONSOLIDATION, SEVERANCE AND TRANSFER OF ACTIONS AND ISSUES. ACTIONS FOR WRONGFUL DEATH AND SURVIVAL ACTIONS.

(b) The court, in furtherance of convenience or to avoid prejudice, *may on its own motion* or on motion of any party, *order a separate trial* of any number of causes of action, claims, *counterclaims, set-offs,* cross-suits, or of any separate issue, or of any number of causes of action, claims, countersuits, set-offs, cross-suits, or issues.

42 Pa. Cons.Stat.Ann. Pa.R.C.P. Rule 213(b) (Purdon 1987 Supp.) (emphasis added). *See Kaiser v. Meinzer,* 272 Pa.Super. 207, 414 A.2d 1080 (1979), *appeal dismissed* 498 Pa. 136, 445 A.2d 104 (1982) (Judge invested with responsibilities of trial may on his own motion order a separate trial on any claim or issue if resolution of that claim or issue will expedite adjudication of other claims).

After reviewing the briefs of counsel and carefully considering the Opinion of the trial court, we find the trial court did not err in concluding that the allegations set forth by the Kasses in their counterclaim are too tenuous in that they were not part of, or incident to, the creation of the mortgage itself. Therefore, we find that the trial court did not abuse its discretion by ordering that the Kasses' counterclaim be severed and that it proceed as an action in assumpsit. Since we find that the counterclaim did not arise as part of, nor incident to, the creation of the mortgage itself, there is no genuine issue of triable fact; therefore, the trial court properly entered summary judgment in favor of the Overlys.

The Order of the Court of Common Pleas is affirmed.