## Dittmer v. Muffley

C.P. of Monroe County, no. 2546 Civil 1994.

*James A. Swetz,* for plaintiff.
*Paul M. Schaffer,* for defendant Muffley.
*Maureen Eagen,* for defendant Lyons.

O'BRIEN, *J.,* October 23, 1998—On September 30, 1994, plaintiff Joyce C. Dittmer filed a complaint seeking damages for personal injuries arising from an automobile accident on August 24, 1993 in Paradise Township, Monroe County, Pennsylvania. The complaint named both Chong Muffley and Mark Lyons,[1] the operators of two other vehicles involved in the accident, as defendants. After the close of the pleadings and completion of discovery, defendant Chong Muffley has filed a motion for summary judgment. Following the submission of briefs and oral argument on October 5, 1998, the defendant's motion for summary judgment is before the court for disposition.

Pennsylvania's Rules of Civil Procedure provide in pertinent part as follows:

*"Rule 1035.2 Motion*

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

---

1. The plaintiff has executed a joint tort-feasor release in favor of the defendant, Mark Lyons, in exchange for the payment of $50,000. Therefore, counsel for Mark Lyons has not appeared nor taken any position with respect to the present motion.

When ruling on a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits. Pa.R.C.P. 1035.1(a). In order to prevail in a motion for summary judgment, the moving party has the burden of proving that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979); *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989). Further, summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt, with any existing doubts being resolved in favor of the non-moving party. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991); *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 562 A.2d 279 (1989). Once a motion for summary judgment is made and supported under these principles, however, a non-moving party may not rest upon the mere allegations or denials of their pleadings. Rather, the non-moving party must set forth specific facts demonstrating that there is a genuine issue for trial. If he fails to do so, then summary judgment, if appropriate, shall be entered against him. Pa.R.C.P. 1035.3.

Although plaintiff's brief in opposition to the motion for summary judgment is premised on the contention that, "there is sufficient evidence to raise an issue of fact concerning Muffley's use of high beams," no such allegation is made in the complaint nor is there any evidence to raise such an issue of fact. Plaintiff's complaint alleges that the Lyons' vehicle was preceding her vehicle in the northbound lane of travel on State Route 191. The complaint further alleges, "while exiting a curve which existed in the road, Lyons' vehicle crossed over the double yellow lines into the southbound lane of State Route 191," colliding with the Muffley vehicle. Thereupon the Muffley vehicle was forced into the

northbound lane and collided with the plaintiff's vehicle. The allegations of negligence with respect to defendant Muffley was her failure to "maintain proper and adequate control of her vehicle" and "failed to prevent her vehicle from crossing into the northbound lane." However, the testimony of all three operators establishes conclusively that the negligence of defendant Lyons in crossing over the centerline and striking the Muffley vehicle set into motion the events resulting in plaintiff's injuries. (See deposition of Mark Lyons N/T 26; deposition of Chong Muffley N/T 27; deposition of Joyce C. Dittmer N/T 28.) Therefore, we conclude there is no disputed relevant issue of fact in this case.

It has long been the law in Pennsylvania that negligence will not be implied because of a failure to perform a duty so suddenly and unexpectedly arising that there was no opportunity to apprehend the situation and to act according to the exigency. In explaining this rule, our Supreme Court observed in *Polonofsky v. Dobrosky*, 313 Pa. 73, 76, 169 A. 93 (1933):

"When one finds himself in a position of danger which is not the result of his negligence he is not responsible if he makes a mistake in judgment in getting out. An honest exercise of judgment is all that is required of him even if he could have done better had he had time to deliberate."

In the case at bar, both the pleadings and the testimony of the drivers involved during discovery establishes the circumstance of the present accident resulted from defendant Lyons' negligence crossing over the center line and striking the defendant Muffley's vehicle. There is no evidence that defendant Muffley had any opportunity to apprehend the situation and to preclude the collision of her vehicle with that of the plaintiff. Our conclusion in this regard is also consistent with

the holding of the Superior Court in *Polumbo v. Destefano,* 329 Pa. Super. 360, 478 A.2d 828 (1984). In that case, the Superior Court reversed the decision of the trial court allowing the issue of negligence to go to the jury on facts most similar to the case at bar. Therefore, we conclude that defendant Muffley is entitled to summary judgment.

### ORDER

And now, October 23, 1998, the defendant's motion for summary judgment is granted and judgment is entered in favor of the defendant, Chong Muffley, and against the plaintiff Joyce C. Dittmer.