J-S05004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM F. BROBST, SR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM F. BROBST, JR. AND ROXANNE BROBST, | |
| Appellants | No. 1212 MDA 2016 |

Appeal from the Order Entered June 23, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 15-13571

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 21, 2017**

William F. Brobst, Jr. ("Brobst Jr.") and his wife, Roxanne Brobst (collectively "Defendants") appeal from the June 22, 2016 order[1] that granted the motion for summary judgment filed by William F. Brobst, Sr. ("Brobst Sr." or "Plaintiff") in his suit seeking ejectment of Defendants from the entireties property Brobst Sr. solely owned after the death of his wife. The order also denied Defendants' counterclaims and in essence denied their motion for partial summary judgment.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order from which this appeal was taken is dated June 22, 2016, but was entered on the docket on June 23, 2016.

Defendants filed this appeal raising the following three issues for our review:

   A.  Did the lower court err in finding the [e]ntireties [e]state was not extinguished?

   B.  Did the lower court err and/or abuse its discretion by failing to recognize the Defendants were seized with an [e]state/interest of some sort in the subject parcel regardless?

   C.  Did the lower court err as a matter of law and/or abuse its discretion by failing to consider Defendants' [a]ffirmative [d]efenses?

Defendants' brief at 3.

In reviewing an appeal from the grant of a motion for summary judgment, we are guided by the following:

> "Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion." ***Universal Health Services, Inc. v. Pennsylvania Property and Casualty Insurance Guaranty Assoc.***, 884 A.2d 889, 892 (Pa. Super. 2005) (citation omitted).

>> The entry of summary judgment is proper whenever no genuine issue of any material fact exists as to a necessary element of the cause of action.  The moving party's right to summary judgment must be clear and free from doubt.  We examine the record, which consists of all pleadings, as well as any depositions, answers to interrogatories, admissions, affidavits, and expert reports, in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party.

> ***LJL Transp., Inc. v. Pilot Air Freight Corp.***, 599 Pa. 546, 962 A.2d 639, 647 (Pa. 2009) (citations omitted).

***Krapf v. St. Luke's Hospital***, 4 A.3d 642, 649 (Pa. Super. 2010), *appeal denied*, 34 A.3d 831 (Pa. 2011).

Moreover, our Supreme Court has stated:

> Rule 1035 also provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth *specific facts showing that there is a genuine issue for trial.* If he does not respond, summary judgment, if appropriate, shall be entered against him." Pa.R.C.P. 1035(d) ([e]mphasis added). Therefore, where a motion for summary judgment has been made and properly supported, parties seeking to avoid the imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial. ***See Overly v. Kass***, 382 Pa. Super. 108, 554 A.2d 970 (1989), and ***Tom Morello Construction Co., Inc. v. Bridgeport Federal Savings and Loan Assn.***, 280 Pa. Super. 329, 421 A.2d 747 (1980).

***Marks v. Tasman***, 589 A.2d 205, 206 (Pa. 1991) (emphasis in original).[2]

We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough 12-page opinion of the Honorable James M. Lillis of the Court of Common Pleas of Berks County, dated September 19, 2016. We conclude that Judge Lillis's well-reasoned opinion properly disposes of the issues presented by Defendants on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Lillis's opinion as our own and affirm the June 23, 2016 order on that basis.

Order affirmed.

---

[2] Rule 1035 was rescinded February 14, 1996, and replaced by Pa.R.C.P. Nos. 1035.1—1035.5, which became effective July 1, 1996.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2017