J-S19033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK NA, AS TRUSTEE, ON BEHALF OF THE REGISTERED CERTIFICATE HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST 2004-FF-4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-FF-4 | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| JOHN J. FONASH, III AND MARLENE R. FONASH, | : : : | |
| Appellants | : | No. 3311 EDA 2019 |

Appeal from the Order Entered September 24, 2019
in the Court of Common Pleas of Montgomery
County Civil Division at No(s): 2018-24445

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: Filed: June 11, 2020

John J. Fonash, III ("John"), and Marlene R. Fonash (collectively, the "Fonashes") appeal from the Order granting the Motion for Summary Judgment filed by Wells Fargo Bank N.A., as Trustee, on behalf of the certificate holders of First Franklin Mortgage Loan Trust 2004-FF-4, Mortgage Pass-Through Certificates, Series 2004-FF-4 ("Wells Fargo"), and entering judgment in favor of Wells Fargo, and against the Fonashes, in a mortgage foreclosure action with respect to property located at 101 Ridgeway Road, North Wales, Pennsylvania ("the Property"). We affirm.

On March 6, 2004, John entered into a home mortgage loan transaction with First Franklin Financial Corporation ("First Franklin"), wherein John executed a Note ("the Note") in favor of First Franklin in the amount of $307,200.00, plus interest. The Note provides for monthly payments of $2,095.65, to commence on May 1, 2004, and an interest rate of 7.25% per annum. The Note also specifies a maturity date of April 1, 2034, at which time any outstanding balance shall be paid in full. On the same date, the Fonashes[1] executed a mortgage on the Property to secure the Note, which was recorded in the Montgomery County Recorder of Deeds Office on April 1, 2004 (the Note and mortgage will hereinafter be referred to collectively as "the Mortgage").

First Franklin assigned the Mortgage to Wells Fargo on July 23, 2008, and Wells Fargo recorded the assignment on August 8, 2008.

The Fonashes defaulted on the Mortgage by failing to tender the payment due on April 1, 2018, and each month thereafter. The Fonashes were provided with Act 91 Notice[2] of Wells Fargo's intent to foreclose on the Mortgage.

---

[1] Although only John signed the Note, both parties are named on the mortgage document.

[2] **See** 35 P.S. § 1680.401(c) *et seq*.

On October 19, 2018, Wells Fargo filed a Complaint in mortgage foreclosure,[3] appending thereto the Mortgage and Act 91 Notice. The Fonashes filed an Answer and New Matter on January 3, 2019. Wells Fargo filed a Reply.

On August 9, 2019, Wells Fargo filed a Motion for Summary Judgment, alleging that there were no genuine issues of material fact in dispute. The Fonashes filed an Answer on September 9, 2019. By Order dated September 23, 2019,[4] the trial court granted summary judgment in favor of Wells Fargo, and awarded Wells Fargo an *in rem* judgment in the amount of $271,456.87, plus $45.15 interest per diem accruing after July 1, 2019, and other costs and charges collectable under the Mortgage.

The Fonashes filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

The Fonashes now raise the following issues for our review:

1. Did the [trial c]ourt improperly grant summary judgment when [Wells Fargo] did not establish that there is no genuine issue of material fact?

2. Has [Wells Fargo] met its burden to prove its allegation that it has rights by way of assignment[?]

---

[3] The Complaint and verification attached thereto identify Select Portfolio Servicing, Inc. ("Select Portfolio"), as Wells Fargo's servicing agent and attorney-in-fact.

[4] The Order was docketed on September 24, 2019.

3. Is the [c]ourt's grant of summary judgment in violation of the **Nanty-Glo**[5] rule insofar as it violates the legal prohibition against trial by testimonial affidavit?

Brief for Appellants at 4 (footnote added).

Our scope and standard of review in evaluating a trial court's grant of summary judgment are well settled:

> In reviewing an order granting summary judgment, our scope of review is plenary…. An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo*.

**Gerber v. Piergrossi**, 142 A.3d 854, 858 (Pa. Super. 2016) (citation omitted).

In their first claim, the Fonashes assert that Wells Fargo failed to demonstrate that there are no genuine issues of material fact. **See** Brief for Appellants at 7-10. Citing Wells Fargo's reliance on Pa.R.C.P. 1029(c)[6], the Fonashes claim that "Wells Fargo [] fails to demonstrate, in any way, how it

---

[5] **See Borough of Nanty-Glo v. Am. Surety Co. of N.Y.**, 163 A. 523 (Pa. 1932).

[6] Pennsylvania Rule of Civil Procedure 1029(c) provides that "[a] statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial." Pa.R.C.P. 1029(c).

is clear that the [Fonahses] must know the truth or falsity of the allegations that are denied for lack of knowledge." Brief for Appellants at 7. According to the Fonashes, "Wells Fargo has no basis for its conclusory averment that the borrowers must know the truth of the circumstances and details of any alleged assignment of the loan in question." *Id.* at 8. The Fonashes argue that they had reason to challenge the allegations in the Complaint for the following reasons:

• The loan was, at inception, made by [First Franklin;]

• All payments in any pertinent time period have been made to Select Portfolio[;]

• [] Wells Fargo claims to be an assignee as of July of 2008[;]

• Wells Fargo is a stranger to the [Fonashes,] who have had no dealings with said company[;]

• No explanation exists of record to explain how the same plaintiff, Wells Fargo, could have filed suit against the [Fonashes] on the same alleged obligation in 2007 – when the [Fonashes'] own allegations suggest that it had no legally cognizable interests until 2008[;]

• If Wells Fargo sued the [Fonashes] in 2007 without a legal right to do so, why should the [c]ourt assume that they presently have that right, without proof beyond [Wells Fargo's] mere inconsistent allegations[; and]

• The [Fonashes] have the right to challenge the veracity of facts purportedly established only by [Wells Fargo's] self-serving [A]ffidavit, especially where i) there can be no expectation that the [Fonashes] could have any first-hand knowledge regarding alleged assignments of a loan obligation, and ii) [Wells Fargo's] past averments serve to contradict its present allegations.

*Id.* at 9-10.

J-S19033-20

In its Opinion, the trial court set forth the relevant law and addressed

this claim as follows:

> "In an action on a note or bond secured by a mortgage, a plaintiff presents a *prima facie* case by showing the execution and delivery of the [note] and its nonpayment…." **CoreStates Bank, N.A. v. Cutillo**, 723 A.2d 1053, 1056 (Pa. Super. [] 1999) (quoting **Philadelphia Workingmen's Sav. Loan & Gldg. Ass'n v. Wurzel**, 49 A.2d 55, 57 (Pa. 1946)). In an action for mortgage foreclosure, the entry of summary judgment in proper "if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." **Cunningham v. McWilliams**, 714 A.2d 1054, 1057 (Pa. Super. [] 1998) (citing **Landau v. Western** [**Pa. Nat'l**] **Bank**, 282 A.2d 335, 340 (Pa. 1971)). Granting summary judgment in a foreclosure action is still proper even if the mortgagors have not admitted the total amount of indebtedness. **Id.**

> In this case, [Wells Fargo] established that there were no genuine issues of any material fact as to a necessary element of the cause of action, making a *prima facie* case for mortgage foreclosure. [The Fonashes], meanwhile, failed to meet their burden of proving the existence of any genuine issues. [The Fonashes] executed and delivered the Note to First Franklin …, then secured their obligations under the [N]ote by executing, delivering, and recording a [m]ortgage—a copy of which was attached to [Wells Fargo's] Complaint and Motion for Summary Judgment. [Wells Fargo] was the current mortgagee and possessor of the original Note by way of assignment at the time it filed its Complaint, attaching a copy of the Note to its Complaint and Motion for Summary Judgment. [Wells Fargo] is the recorded assignee of the Mortgage, having recorded its [a]ssignment of Mortgage from First Franklin … on July 23, 2008, before it filed its Complaint. [Wells Fargo] attached to its Motion for Summary Judgment a copy of its recorded [a]ssignment of Mortgage with the seal of the Recorder's Office.

> "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. **A general denial or a demand for proof** … **shall have the effect of an admission.**" Pa.R.C.P. [] 1029(b) (emphasis added). Statements that a party is without knowledge

- 6 -

or information sufficient to form a belief as to the truth of an averment after reasonable investigation shall have the effect of a denial. Pa.R.C.P. [] 1029(c). However, "[r]eliance on [Pa.R.C.P. 1029(c)] does not excuse a failure to admit or deny a factual allegation **when it is clear that the pleader must know whether a particular allegation is true or false.**" *Id.* (emphasis added); *see also Cercone v. Cercone*, … 386 A.2d 1, 4 ([Pa. Super.] 1978)).

In [the Fonashes'] Answer, they admit the elements required for [Wells Fargo] to establish summary judgment in a mortgage foreclosure action by either demanding proof or otherwise failing to admit or deny factual allegations[,] when it is clear that [the Fonashes] must know whether [Wells Fargo's] allegations are true or false. Specifically, in their Answer, [the Fonashes] generally deny that the [M]ortgage is in default as of April 1, 2018, that they have failed to pay interest, and that the [M]ortgage is in the specified amount as "incorrect conclusions of law" and demand proof regarding these averments. [***See*** Answer, 1/3/19, ¶¶ 9-11.] [The Fonashes] also generally deny [Wells Fargo's] averments that [the Fonashes] executed the Mortgage, that the Mortgage secures the real property as the specified address, that [Wells Fargo] holds the [N]ote, and that [Wells Fargo] is the proper assignee, all by way of claiming lack of knowledge after reasonable investigation, requiring proof, and denying as conclusions of law. [***See id.*** ¶¶ 4-7.] In answering [Wells Fargo's] Complaint in this way [the Fonashes'] answers are deemed admissions, as [the Fonashes] cannot claim to have no knowledge of executing the [M]ortgage, that the [M]ortgage secures the specific real property, that the [M]ortgage is in default, that they have failed to pay interest on the obligation, or that the [M]ortgage is in the specific amount, when [Wells Fargo] either attached documentation to the Complaint proving such averments[,] or the information was readily ascertainable by [the Fonashes]—either as public record or [by] other investigation. ***See*** Pa.R.C.P. [] 1029(c); ***Cercone***[, 386 A.2d at 4].

… [Further,] … [the Fonashes'] [N]ew [M]atter fails to raise any genuine issues of material fact. "The **material facts** on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. [] 1019(a) (emphasis added). "A party may set forth as new matter any other **material facts** which are not merely denials of the averments of the preceding pleading." Pa.R.C.P. [] 1030 (emphasis added). Here, [the

Fonashes's N]ew [M]atter is a barebones list of statutes and other defenses, devoid of material facts to meet the requisite level of specificity demanded by Pa.R.C.P. [] 1019(a) and Pa.R.C.P. [] 1030.  In addition, [the Fonashes' N]ew [M]atter is deficient on its merits, lacking the particularity required ….

Finally, "the non-moving party may not rest upon averments contained in its pleadings; the non-moving party must demonstrate that there is a genuine issue for trial."  *Accu-Weather, Inc. v. Prospect Commc'ns, Inc.*, 644 A.2d 1251, 1254 (Pa. Super. [] 1994) (citing *Overly v. Kass*, 554 A.2d 970, 972 (Pa. Super. [] 1989)).  [The Fonashes] had the burden of proving a genuine issue of material fact[,] but instead rested on the averments in their pleadings, only specifically raising [Wells Fargo's]] lack of standing as a genuine issue of material fact …. Nowhere in [the Fonashes'] response in opposition to [Wells Fargo's] Motion for Summary Judgment do [the Fonashes] actually produce evidence to raise a factual question as to whether the [M]ortgage is in default, whether they executed the [N]ote and mortgage, or whether the amount due is incorrect.  Based on the inability of [the Fonashes] to adduce sufficient evidence to defend against summary judgment, this [c]ourt had no choice but to grant summary judgment as to [Wells Fargo].

Trial Court Opinion, 12/23/19, at 5-8 (some citations to record omitted).

Upon review, we agree with the trial court's analysis and conclusion. The record confirms that Wells Fargo established a *prima facie* case for mortgage foreclosure, and the Fonashes failed to raise a genuine issue of material fact.  Because the trial court did not err or abuse its discretion in granting summary judgment, this claim fails.

In their second claim, the Fonashes contend that Wells Fargo failed to establish that it is the proper party in interest to bring a mortgage foreclosure action against them.  *See* Brief for Appellants at 10-13.  The Fonashes again point to an action previously filed against them by Wells Fargo in 2007.  *Id.*

at 12. The Fonashes also "deny that there has been a proper or timely assignment of the mortgage…." *Id.*

"The holder of a mortgage has the right, upon default, to bring a foreclosure action." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014); *see also CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa. Super. 2016) (stating that "[i]n a mortgage foreclosure action, the mortgagee is the real party in interest."). In a foreclosure action, a plaintiff can prove standing either by showing that it (i) originated or was assigned the mortgage, or (ii) is the holder of the note specifically indorsed to it or indorsed in blank. *See J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1267-68, n.6 (Pa. Super. 2013); *see also Barbezat*, 131 A.3d at 69 (stating that "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.").

Here, Wells Fargo attached to its Complaint a copy of the Note and Mortgage executed in favor of First Franklin. *See* Complaint, 10/19/18, Exhibits A, B. Wells Fargo also attached to its Motion for Summary Judgment a copy of First Franklin's assignment of the Mortgage to Wells Fargo. *See* Motion for Summary Judgment, 8/9/19, Exhibit E (assignment from First Franklin to Wells Fargo, executed on July 23, 2008, and recorded on August 8, 2008). Therefore, the evidence of record establishes that Wells Fargo holds the Mortgage by way of assignment, and the Fonashes failed to offer evidence in opposition to establish a genuine issue of material fact regarding the validity

of the assignment.[7] *See Murray, supra*; *see also Gerber*, 142 A.3d at 860 (concluding that, where the evidence of record established that appellees held the mortgage by valid assignment, and appellants offered no evidence to establish a genuine issue of material fact, the trial court did not err by granting summary judgment in favor of appellees).  Therefore, the Fonashes are not entitled to relief on this claim.

In their final claim, the Fonashes argue that the trial court's grant of summary judgment violates the *Nanty-Glo* rule against trial by testimonial affidavit.  Brief for Appellants at 13-14.

This argument has not been sufficiently developed for our review. Although the Fonashes identify the *Nanty-Glo* rule, they failed to include any explanation of why they believe the trial court violated this rule in granting summary judgment.  Therefore, the Fonashes' final claim is waived.  *See* Pa.R.A.P. 2119(a); *see also Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 93 (Pa. Super. 2007) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Moreover, the trial court aptly summarized the relevant law, as well as its reasoning on the matter as follows:

---

[7] In its Opinion, the trial court concluded that Wells Fargo had standing both as the holder of the Note and by assignment.  *See* Trial Court Opinion, 12/23/19, at 8-13.  While we have not separately addressed Wells Fargo's standing as the holder of the Note, we agree with the trial court's determination.  *See id.* at 10-11.

- 10 -

"The function of the summary judgment proceedings is to avoid a useless trial but is not, and cannot, be used to provide for trial by affidavits or trial by depositions. That trial by testimonial affidavit is prohibited cannot be emphasized too strongly." ***DeArmitt v. New York Life Ins. Co.***, 73 A.3d 578, 595 (Pa. Super. [] 2013). "Oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact." Pa.R.C.P. [] 1035.2 cmt. (citing ***Nanty-Glo***[, ***supra***]; ***Penn Center House, Inc. v. Hoffman***, 553 A.2d 900 (Pa. 1989)); ***see also Dudley v. USX Corp.***, 606 A.2d 916, 918 (Pa. Super. [] 1991). "If, however, the moving party supports its motion for summary judgment with admissions by the opposing party, ***Nanty-Glo*** does not bar entry of summary judgment." ***DeArmitt***, 73 A.3d at 595 …. This [c]ourt finds no application of the ***Nanty-Glo*** rule to the facts of the case at bar.

While it is true that [Wells Fargo] attached an Affidavit[8] in Support of the Motion for Summary Judgment signed by [an officer of Select Portfolio], this [c]ourt does not find that this Affidavit was necessary for [Wells Fargo] to establish the non-existence of genuine issues of material fact. … [Wells Fargo] established that it was entitled to enforce the Note and Mortgage, by way of [its] possession of the original Note. [Wells Fargo] attached the Note and Mortgage as exhibits to the original [C]omplaint and attached a copy of the assignment of Mortgage to its Motion for Summary Judgment. Even without relying on the statements in the Affidavit confirming possession of the original [N]ote and the total amount due, this [c]ourt finds that [Wells Fargo] advanced sufficient evidence to establish a *prima facie* case in mortgage foreclosure[,] and that [the Fonashes] failed to meet their burden of raising any genuine issues of material fact in response. Thus, because [Wells Fargo] adequately supported its [M]otion for [S]ummary [J]udgment with admissions by [the Fonashes] and documents to make a *prima facie* case for mortgage foreclosure—even without reliance on the testimonial [A]ffidavit—the ***Nanty-Glo*** rule will not bar entry of summary judgment.

_____

8 In the Affidavit, a Select Portfolio officer explained Select Portfolio's role as Wells Fargo's mortgage servicer and set forth an itemized explanation of the balance due under the Mortgage.

Trial Court Opinion, 12/23/19, at 13-14 (footnote added).

We agree with the sound reasoning of the trial court. Even if the Fonashes had adequately developed their final claim for our review, we would affirm on the basis of the trial court's reasoning. ***See id.***

Based upon the foregoing, we affirm the trial court's Order granting summary judgment in favor of Wells Fargo.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/20