567 A.2d 691

**Catherine M. LILES, Appellant,**

**v.**

**Paul W. BALMER, Jr. and Mary Balmer, Appellees.**

Superior Court of Pennsylvania.

Submitted Sept. 25, 1989.

Filed Dec. 11, 1989.

452

John S. Hollister, Jr., Troy, for appellant.

W. Marshall Dawsey, Towanda, for appellees.

Before BROSKY, WIEAND and MELINSON, JJ.

WIEAND, Judge:

This is an appeal from an order entering summary judgment in favor of the defendants. The trial court's order was based upon its belief that the plaintiff would be unable to produce admissible evidence that the accident occurred as alleged in her complaint. This is a close question. After careful review of the pre-trial record, however, we conclude that the plaintiff-appellant must be given an opportunity to prove her claim at trial. Therefore, we reverse and remand for further proceedings.

A motion for summary judgment may properly be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Craddock v. Gross*, 350 Pa.Super. 575, 577–578, 504 A.2d 1300, 1301 (1986); *Berardi v. Johns–Manville Corp.*, 334 Pa.Super. 36, 38, 482 A.2d 1067, 1068–1069 (1984); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984). When a motion for summary judgment is made and supported as provided in Rule 1035, the non-moving party may not rest upon the mere allegations and denials of his pleadings. To avoid summary judgment the non-moving party must set forth specific facts by way of

affidavit, or as otherwise provided in [Rule 1035], demonstrating that a genuine factual issue exists. *Phaff v. Gerner,* 451 Pa. 146, 149, 303 A.2d 826, 829 (1973); *Ressler v. Jones Motor Co., Inc.,* 337 Pa.Super. 602, 609, 487 A.2d 424, 428 (1985). The inquiry in deciding a motion for summary judgment "is whether the admissible evidence in the record, in whatever form, from whatever source, considered in the light most favorable to the respondent to the motion, fails to establish a prima facie case or defense." *In re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238 (3d Cir.1983), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). See also: *Rose v. Food Fair Stores, Inc.,* 437 Pa. 117, 262 A.2d 851 (1970) (summary judgment properly entered where averments of complaint could not be proved because of parol evidence rule). Summary judgment serves to eliminate the waste of time and resources of both litigants and the courts in cases where a trial would be a useless formality.

■ Catherine M. Liles sustained head injuries when she fell from the moped which she was operating on a public street in front of a residence owned and occupied by Paul and Mary Balmer. Contending that the accident had occurred when the moped had been chased by the Balmers' dog, Liles commenced an action against the Balmers for damages. She relied upon the Dog Law of December 7, 1982, P.L. 784, No. 225, Art. III, § 101 et seq., 3 P.S. § 459–305, which provided in relevant part:

It shall be unlawful for the owner or keeper of any dog to fail to keep at all times such dog either (1) confined within the premises of the owner, or (2) firmly secured by means of a collar and chain or other device so that it cannot stray beyond the premises on which it is secured, or (3) under the reasonable control of some person, or when engaged in lawful hunting or field training accompanied by an owner or handler.

A prima facie case of negligence can be established by evidence that a dog has been allowed to run without restraint in violation of the Dog Law. *Miller v. Hurst,* 302

Pa.Super. 235, 245, 448 A.2d 614, 618 (1982) (unexcused violation of identical language in Dog Law of 1965 held to be negligence per se).

In the instant case, however, pre-trial discovery disclosed that as a result of blunt head trauma resulting from the accident, Mrs. Liles suffered amnesia with regard to the accident. She recalls only that she was riding the moped on a Sunday afternoon and awakened in the hospital on the following day. Mrs. Balmer, who had been working in her yard at the time of the accident, testified in depositions that the dog, although unrestrained, had not left the yard. The dog, she said, had been under control and had done nothing more than bark at the moped as it passed the house.

A police accident report was prepared by Officer Jack L. Boughton, who had interviewed Mrs. Balmer and several persons at the scene of the accident, as well as Mrs. Liles after her discharge from the hospital. His report stated that "[a] dog ran out of the yard towards [Mrs. Liles]." His deposition was also taken, and during the course thereof he testified that he could not recall who had told him about the dog.

Appellant's hospital admission report states: "Apparently, this afternoon while riding her moped according to relatives [Mrs. Liles] tried to avoid a dog...." The discharge summary states that "[a]pparently on May 5 in the afternoon while riding her moped, [Mrs. Liles] tried to avoid a dog which later on she stated the dog grabbed her by the leg...."

It is readily apparent that there is a dispute of fact in this case. The real issue is whether the plaintiff can produce evidence sufficient to establish prima facie that the accident occurred as she has alleged.

■ We agree with the trial court that plaintiff has failed to demonstrate that the police accident report and the hospital records are admissible as business records to prove the manner in which the accident occurred. To satisfy the requirements of the Uniform Business Records in Evidence

Act, 42 Pa.C.S. § 6108(b), a report must: (1) have been made at or near the time of the events it purports to relate; (2) be generated as a regular practice of the business; and (3) be trustworthy as to the source of information or the method or circumstances of preparation. *Ganster v. Western Pennsylvania Water Co.*, 349 Pa.Super. 561, 569, 504 A.2d 186, 189–190 (1985). Here, the plaintiff has not shown that the sources of the information appearing in the police and hospital records were trustworthy. See: *Hreha v. Benscoter*, 381 Pa.Super. 556, 565–567, 554 A.2d 525, 529–530 (1989).

■ We also agree with the trial court that plaintiff, contrary to her assertion, cannot prove her cause of action by showing that on prior occasions the dog was unrestrained and chased passing vehicles. Evidence of prior lack of restraint which permitted the dog to run into the street is not relevant to prove a negligent lack of control of the dog at the time of the accident. See, e.g.: *Levant v. L. Wasserman Co., Inc.*, 445 Pa. 380, 382–383, 284 A.2d 794, 796 (1971); *Roney v. Clearfield Co. Grange Ins. Co.*, 332 Pa. 447, 449, 3 A.2d 365, 366 (1939); *Baumeister v. Baugh & Sons Co.*, 142 Pa.Super. 346, 353, 16 A.2d 424, 427 (1940). Appellant, moreover, is unable to show that the Balmers habitually allowed their dog to run free to chase passing vehicles. Whether evidence of habit "is admissible to show what occurred in a specific instance depends on the 'invariable regularity' of the usage or habit." *Baldridge v. Matthews*, 378 Pa. 566, 570, 106 A.2d 809, 811 (1954); *Aurand v. Universal Carloading & Distributing Co.*, 131 Pa.Super. 502, 507, 200 A. 285, 287 (1938); Packel and Poulin, Pennsylvania Evidence § 406, p. 186 (1987). Here there is no evidence that the dog habitually was allowed to run free to chase passing vehicles.

■ Still, the record does not disclose, either by affidavit or by stipulation of facts, that plaintiff will be unable to produce evidence at trial to support the averments of her complaint. Mrs. Balmer's denial that the dog ran unrestrained from the yard does not alone resolve the factual

dispute regarding the cause of plaintiff's fall. The moving party has filed no affidavits, and the record does not disclose that there are no other witnesses who can aid the plaintiff in establishing a prima facie case.

Under these circumstances, where the existence of a factual dispute is clear, the doubt will be resolved against the moving parties. *Hower v. Whitmak Associates,* 371 Pa.Super. 443, 445, 538 A.2d 524, 525 (1988); *Thorsen v. Iron and Glass Bank, supra* at 140, 476 A.2d at 930–931; *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982). The plaintiff must be given an opportunity to prove her case at trial.

Reversed and remanded for further proceedings.