# Griffiths v. Knoedler Mfg. Inc.

C.P. of Monroe County, no. 2634 Civil 1995.

*Edwin A. Abrahamsen,* for plaintiff.
*David E. Heisler,* for defendant.

O'BRIEN, *J.,* December 20, 2004—Plaintiffs commenced this action seeking damages for personal injuries sustained by James D. Griffiths while operating a tractor-trailer on September 29, 1993, in Monroe County, Pennsylvania. The complaint alleges that the injuries were caused by the collapse of the driver's seat which was manufactured by the defendant company. After the close of the pleadings and completion of discovery, the defendant manufacturer has filed a motion for summary judgment. Following the submission of briefs and oral argument on December 6, 2004, defendant's motion is now before the court for disposition.

Pennsylvania Rule of Civil Procedure 1035.2 provides that a motion for summary judgment may be granted if:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Summary judgment is a means to eliminate the waste of time and resources of litigants and the courts in cases where a trial would be a useless formality. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 691 (1989). In a summary judgment proceeding, the court need not determine the facts essential to the case, but only determine if a material issue of fact exists. *Kelly by Kelly v. Ickes,* 427 Pa. Super. 542, 629 A.2d 1002 (1993). Summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt, with any existing doubts viewed in a light most favorable to the non-moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992); *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991); *J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64 (Pa. Super. 2000). In order to determine whether a case is free from doubt, the court may consider pleadings, depositions, answers to interrogatories, admissions and supporting affidavits. Pa.R.C.P. 1035.1. Non-moving parties may not rest upon mere allegations or denials of pleadings. Rather, the non-moving party must set forth specific facts demonstrating that there are genuine issues for trial. Failure to allege such specific facts will result in a summary judgment, if appropriate, against the non-moving party. Pa.R.C.P. 1035.3; *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986); *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989).

Since defendant's motion for summary judgment is premised on the claim that the plaintiff has sued the wrong defendant, we must examine the procedural history of this proceeding and the defendant in making a proper determination. When this action was commenced, service of process was accepted by Knoedler Mfg. Inc. at 904 East Kent Street, Steator, Illinois. The address where service was made is a registered corporate office for Sturhan Investments Inc., an Illinois corporation. (N/T 13, deposition of Wilhelm Sturhan.) On December 17, 1993, Sturhan Investments purchased the operating assets of the "Seat Line Division of Knoedler Manufacturers." (N/T 12, 13, deposition of Wilhelm Sturhan.) After the original Knoedler Corporation changed its name, Sturhan Investments adopted the name of Knoedler Manufacturers Inc. (N/T 14, deposition of Wilhelm Sturhan.) The agreement for the sale of the assets of the seat line division of Knoedler Manufacturers Inc. included the following provision:

"8.2 *Indemnification of seller.* Buyer shall indemnify, defend, and hold seller harmless from and against any and all costs, expenses, losses, damages or liabilities (including, without limitation, reasonable attorneys' fees and accounting fees) incurred by seller with respect to or in connection with (i) claims of third parties regarding the division, the underlying facts of which occurred following the closing, (ii) all product warranty claims made after the closing with respect to the division, and (iii) all product liability claims made after the closing with respect to the division." (Plaintiffs' exhibit no. 1.)

In support of his motion for summary judgment, counsel for defendant points out that plaintiff's accident occurred prior to the incorporation of Sturhan Investments

Inc. on November 10, 1993, and the change of that corporation's name to Knoedler Manufacturers Inc. on December 17, 1993. Counsel for defendant also points out that the defendant named in this proceeding is Knoedler Mfg. Inc. rather than Knoedler Manufacturers Inc. Plaintiffs, on the other hand, contend that the product-line exception to the general rule of non-liability of a successor company establishes responsibility for the defendant in the case at bar for plaintiff's damages. More specifically, plaintiffs contend that a company who purchases a product line of a pre-existing company can be held liable for the defects in the products manufactured by the predecessor.

Plaintiffs' argument is supported by the holding of our Superior Court in *Dawejko v. Jorgensen Steel Company,* 290 Pa. Super. 15, 23, 434 A.2d 106 (1981), where the court held as follows:

"[W]here one corporation acquires all or substantially all the manufacturing assets of another corporation, even if exclusively for cash, and undertakes essentially the same manufacturing operation as the selling corporation, the purchasing corporation is strictly liable for injuries caused by defects in units of the same product line, even if previously manufactured and distributed by the selling corporation or its predecessor."

The Superior Court further held that the product-line exception to the general rule of no liability for successor corporations may only be applied when the following three conditions have each been established: (1) the virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business, (2) the successor's ability to assume the original manufacturer's risk-spreading rule, and

(3) the fairness of requiring the successor to assume a responsibility for defective products that was a burden necessarily attached to the original manufacturer's good will being employed by the successor in the continued operation of the business. *Dawejko, supra.* Since defense counsel's client has continued the manufacturing and marketing of the same seat line products, conditions (2) and (3) are clearly established. However, counsel for defendant argues that the plaintiffs would still have remedies against the original Knoedler Corporation even though it has changed its name. However, in the agreement by the defendant at the bar with its predecessor, the defendant at the bar expressly assumed all product liability claims as part of the indemnification of the seller. Therefore, the plaintiffs would not have a cause of action against the original Knoedler Corporation but only against the defendant properly served in this proceeding. Therefore, we conclude that the plaintiffs have established the applicability of the product-line exception in this proceeding.

Finally, defendant argues that the entity known as Knoedler Manufacturers Inc. was never actually sued because plaintiffs wrongfully designated the corporation in the complaint as Knoedler Mfg. Inc. Therefore, defendant argues that the claim should be dismissed for failure to sue the proper party. It would be strange indeed if the law would permit a party actually responsible for a civil or criminal act to escape accountability because the summons or warrant served on him contained a minute, technical variation to the name of the party. In the case of *Wright v. Eureka Tempered Copper Company,* 206 Pa. 274, 55 A. 978 (1903), the defendant actually served, and actually responsible, was the Eureka Copper

Works, although the defendant was erroneously described as "Eureka Tempered Copper Company." The lower court refused to allow an amendment to correct the name. Upon appeal, the Superior Court held:

"In this case there is no dispute as to what was intended and what was actually done in bringing the suit. . . . He [counsel for plaintiff] served the right party, the manager of the copper works, and thus brought that company into court, but under a wrong name. The mistake in bringing the suit was in the name of the party actually summoned, and not in suing the wrong party, and the amendment should have been allowed." *Wright v. Eureka Tempered Copper Company, supra* at 276.

Similarly, in the case at bar, there is no logical reason to grant summary judgment in favor of the defendant due to a slight mistake in the name of defendant's corporation. The mistake of the plaintiffs in this case is insignificant and should not be the sole reason to prevent a suit from going forward. Plaintiffs should be permitted to file an amendment correcting the corporate name of the defendant. In view of the foregoing, defendant's motion for summary judgment is denied.

## ORDER

And now, December 20, 2004, the motion of Knoedler Manufacturers Inc. a/k/a Knoedler Mfg. Inc. for summary judgment is denied.