**White Oak Builders Inc.**
**v. East Penn Mortgage Co. LLC**

*William H. Robinson Jr.,* for plaintiff.
*Martin J. Karess,* for defendant East Penn Mortgage Co.
*Lisa A. Welkey, for defendant Hatton.*

CHESLOCK, *J.,* April 20, 2006—This matter comes to the court on plaintiff/counterclaim defendant, White Oak Builders Inc.'s (plaintiff) motion for summary judgment. The facts regarding this case are summarized as follows: on July 8, 2003, defendant, William Hatton, executed an agreement of sale to purchase a vacant lot from seller Daniel Malsch. The parcel of real property Hatton purchased is known as lot no. 31, Spruce Lane in the Leisure Lands Community, Middle Smithfield Township, Monroe County, Pennsylvania. Contemporaneously therewith, Hatton executed a construction agreement with plaintiff to construct a home on the lot which Hatton was purchasing from Daniel Malsch. Final settlement on the lot purchase was held on August 29, 2003, and the construction commenced shortly thereafter on Hatton's home. Sometime in October 2003, Hatton became aware of a drainage problem due to a drain pipe

he believed was located on a neighboring property. Hatton became aware that the drainage pipe was located on his property and insisted that East Penn Bank cease funding of the construction of his home. On March 11, 2004, plaintiff commenced an action in equity seeking damages, requesting that the mortgage be reformed to strike lot 32 from the legal description and have Hatton execute a corrected mortgage to include costs and attorneys' fees to plaintiff. In response to the complaint, Hatton filed a counterclaim which alleges a breach of contractual duty, rescission and loss of bargain. On February 15, 2006, plaintiff filed a motion for summary judgment on the counterclaim of Hatton. The parties agreed to submit this matter on briefs and we are now prepared to dispose of this matter.

Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides that a motion for summary judgment may be granted:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

Summary judgment is a means to eliminate the waste of time and resources of litigants in a case where the trial would be a useless formality. *Liles v. Balmer,* 389 Pa. Super. 451, 567 A.2d 690 (1989). The Pennsylvania Rule of Civil Procedure 1035 allows the court to consider pleadings, depositions, answers to interrogatories, admissions and supporting affidavits in determining a motion for summary judgment. Furthermore, a motion for summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt, with any existing doubt viewed in the light most favorable to the non-moving party. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991); *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992). Moreover, a non-moving party may not rest upon mere allegations or denials of the pleadings. Rather, the non-moving party must set forth specific facts demonstrating that there are genuine issues for trial. Failure to allege such specific facts will result in summary judgment if appropriate, against the non-moving party. Pa.R.C.P. 1035.3; *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986); *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989).

In its motion for summary judgment, plaintiff alleges that there is no duty on its part regarding the condition of Hatton's property and that it was simply the builder. Plaintiff argues that it was in no way involved with the procurement of the land and that Hatton's counterclaim alleging rescission of contract contains insufficient evidence of fact to establish any recognizable cause of action. Accordingly, plaintiff contends that summary judgment should be granted in its favor.

Count I of Hatton's counterclaim against the plaintiff is entitled Failure to Disclose—Property Inspection. Hatton alleges that plaintiff failed to perform its obligation under the contract when it began construction on lot 31 knowing the existence of the encroaching water drainage pipe but failed to disclose existence of such pipe and/or defect while continuing construction of his home. Hatton's complaint couches Count I in terms of a tort as opposed to a breach of contract language. Specifically, the counterclaim states that plaintiff knew or should have known of the existence of the drainage pipe and continued construction when it knew or should have known of the defect in real estate at lot 31. Plaintiff contends that Hatton's action is based solely on the contract, however, the language contained in Hatton's counterclaim sounds in negligence. Hence, we will address the issue by briefly discussing the "gist of the action" doctrine.

The gist of the action doctrine, although not expressly adopted by the Pennsylvania Supreme Court, has been predicted to be adopted by the Pennsylvania courts by both the Pennsylvania Superior Court and the United States District Court. The courts have applied the doctrine to fraud claims. *See Werner Kammann Maschinenfabrik GmgH v. Max Levy Autograph Inc.,* (E.D. Pa. 2002). In essence, the gist of the action doctrine precludes a plaintiff from recasting an ordinary breach of contract claim into a tort claim. *Bash v. Bell Telephone Company,* 411 Pa. Super. 347, 601 A.2d 825 (1992). The gist of the action doctrine's purpose is to maintain a distinction between the theories of breach of contract and torts. *Air Products and Chemicals Inc. v. Eaton Metal Products Co.,* 256 F. Supp.2d 329, 340 (2003). (citation omitted) A breach of contract action gives rise when there is a

breach of duty composed by mutual consents contained in the contract, whether oral or written. However, it is possible that a breach of contract also gives rise to an actionable tort. *eToll Inc. v. Elias Savion Advertising Inc.,* 811 A.2d 10, 14 (Pa. Super. 2002) (citing *Bash, supra*). Specifically, the gist of the action doctrine applies where a plaintiff alleges that a defendant committed a tort in the course of carrying out a contractual agreement and the court examines the claim and determines whether the gist of the action was founded in contract or in tort. *Air Products and Chemicals Inc., supra.* A tort claim is maintainable only if the contract is collateral to the action which is primarily tortiuous. *Id.*

Hatton contends that he is entitled to damages for plaintiff's failure to perform its obligations under the contract construction agreement due to its knowledge of the drainage pipe or the existence of a defect on said property located at lot 31. See counterclaim paragraph 33. The alleged act or negligence complained of by Hatton arose in the course of the parties' contractual relationship. Had it not been for the contract, there would not be a counterclaim filed by Hatton against plaintiff. The action is based primarily on the contract and not any tortious action by the plaintiff. If construction under the contract did not commence, Hatton could not have filed his counterclaim. Therefore, we reason that without the contract plaintiff would have no cause of action. Hatton's allegations of misrepresentation connected to the construction of his home he alleges were intertwined with the obligations imposed by the contract itself. We find that this cause of action is collateral to the contract and that Hatton's cause of action sounds in contract.

Hatton, also, claims that upon his discovery of the water drainage pipe, he halted construction and stopped payment to the plaintiff for construction of the home. However, the counterclaim brought by Hatton against the plaintiff indicates that the plaintiff failed to perform its obligation under the contract when it knew of the existence of the encroaching water drainage pipe. Hatton argues that the drainage water pipe was not disclosed to him prior to the construction agreement.[1]

We find there are no allegations that plaintiff sold the lot to Hatton or that the plaintiff was under any obligation to disclose the existence of the pipe to a property which Hatton purchased from a third party. Under the gist of the action doctrine in this matter, we find that Hatton's counterclaim sounds in contract and a review of the contract reveals no duty on the part of plaintiff regarding Hatton's property. It is simply a contract for construction of a home on the land owned by Hatton. Furthermore, we find that pursuant to Rule 1035.2 (2) the adverse parties who will bear the burden of proof at trial must produce evidence of fact adverse to the cause of action which in a jury trial would require the issues to be submitted to a jury. We note that Hatton has not produced any evidence and his brief contains no authority or case law in support of his position. Accordingly, we believe that there is no genuine issue of any material fact that could be established and that summary judgment is proper in this matter.

---

1. Hatton's deposition testimony indicates that he was aware of the pipe before construction commenced; however the seller's representative (Malsch) indicated that the pipe was located on the adjoining property.

Next, the defendant requests summary judgment regarding Count II of Hatton's counterclaim alleging a rescission of the contract due to insufficient evidence of facts to establish a cause of action which is to be submitted to a jury. Count II of Hatton's counterclaim requests a rescission of contract in that plaintiff failed to deal fairly and honestly in contract negotiations by knowingly entering into a contract to construct a new home on lot 31, knowing that there is an encroaching drain pipe existing on the property that has not been disclosed to plaintiff. Rescission under the law is primarily to return the party as nearly as possible to their original position where it is warranted under the circumstances of the transaction. *Gilmore v. Northeast Dodge Co. Inc.,* 278 Pa. Super. 209, 214, 420 A.2d 504, 507 (1980). Such rescission is an equitable remedy and granted where the parties to a contract can be placed in their former position regarding the subject matter of the contract. *Baker v. Cambridge Chase Inc.,* 725 A.2d 757, 767 (Pa. Super. 1999).

Here, the plaintiff commenced construction on Hatton's residence, and although Hatton alleges that the plaintiff breached its duty by failing to deal fairly and honestly, these are broad allegations that are made in his counterclaim which are not supported by fact. Hatton fails to state specifically how plaintiff fails to deal fairly and honestly with him and has failed to point to any language in the contract which imposes any duty on plaintiff regarding the condition of the property. The language contained in the counterclaim at Count II appears to attempt to plead a fraud claim against the plaintiff. In order to make out a cause of action for fraud, the plaintiff is required to allege and prove: "(1) misrepre-

sentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will be thereby induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as a proximate result." *Elia v. Erie Insurance Exchange,* 398 Pa. Super. 433, 438, 581 A.2d 209, 212 (1990). (citation omitted)

Instantly, the counterclaim plaintiff, Hatton, alleges that the counterclaim defendant, plaintiff, knowingly failed to disclose of the existence of the encroaching drainage pipe to him making the land unfit for construction. A cursory reading of Count II demonstrates that Hatton failed to allege a misrepresentation other than the allegation that the plaintiff knowingly entered into a contract with the knowledge of the existing drainage pipe on the property. There is no allegation of a fraudulent utterance, an intention to induce Hatton to act upon it, justifiable reliance or damage as a result of any misrepresentation. We find that Count II of the counterclaim wholly fails to articulate any allegations to support the cause of action. Further, rescission is not viable where construction has already commenced and it would be difficult, if not impossible, to return the parties to their original positions. For these reasons and the failure of the counterclaim to specifically set forth allegations to support the rescission of the contract, we will grant the summary judgment and dismiss Count II of the counterclaim against plaintiff.

Finally, plaintiff requested summary judgment to be granted regarding Count III of Hatton's counterclaim entitled loss of bargain. In Count III, Hatton claims that he suffered a loss of bargain to his detriment as a result

of plaintiff. However, he fails to set forth exactly what bargain was lost and what action the plaintiff caused him to lose such bargain. As set forth above, Hatton never alleges that plaintiff sold the vacant lot to him and we are at a loss to determine how Hatton suffered a loss of his bargain by plaintiff continuing to construct a home on the lot or vacant property which, pursuant to the construction agreement, was to be provided by Hatton. The court notes that in his brief in opposition to the motion for summary judgment, Hatton fails to set forth any authority or case law in support of his position. The only case law contained in Hatton's brief is relative to the standard for summary judgment. It has been held that all issues are waived which are not supported by citation to appropriate legal authority. *Treasure Lake Property Owners Association Inc. v. Meyer,* 832 A.2d 477 (Pa. Super. 2003). Hence, we find no merit to Hatton's position in this regard. Moreover, pursuant to Rule 1035.2(2), Hatton had the burden of producing evidence of facts essential to his cause of action. We find that he has wholly failed to meet his burden in this regard.

In accordance with the foregoing, we enter the following order:

## ORDER

And now April 20, 2006, upon consideration of the plaintiff, White Oak Builders Inc.'s motion for summary judgment on the counterclaim of defendant, William Hatton, and the responses thereto, it is hereby ordered that summary judgment is granted in favor of counterclaim defendant, White Oak Builders Inc. and against counterclaim plaintiff William Hatton.