J-S51013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TECTON CORP., INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY | |
| Appellee | No. 746 EDA 2015 |

Appeal from the Judgment Entered February 19, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2014, No. 01446

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED SEPTEMBER 09, 2015**

Appellant, Tecton Corporation, Inc. ("Tecton") appeals from the summary judgment entered in the Philadelphia County Court of Common Pleas, in favor of Appellee, Liberty Mutual Insurance Company ("Liberty Mutual").  We affirm.

The relevant facts and procedural history of this case are as follows. On December 2, 2010, the city of Philadelphia awarded a public construction contract to J.S. Cornell & Son, Inc. ("JSC").  The contract called for JSC to renovate the Police Tactical Headquarters located at 660 East Erie Avenue in Philadelphia.  On December 10, 2010, JSC secured surety bonding for the project from Liberty Mutual.  In the event that JSC failed to make payment to subcontractors, the bond specified the Public Works Contractors' Bond

_____

*Retired Senior Judge assigned to the Superior Court.

Law of 1967 would govern the claimant's rights.[1]  On July 11, 2011, JSC awarded two subcontracts to Tecton for masonry and carpentry work for $149,600.00 and $87,614.00, respectively, totaling $237,214.00.  JSC sent emails to Tecton while Tecton was still working on the project in January 2012, requesting Tecton to send JSC bills for the work Tecton had done.  Tecton did not send JSC any bills at that time.  Tecton sent JSC a non-itemized form invoice for both subcontracts on September 14, 2012.  Tecton completed the work prior to or around early November 2012.  Tecton did not send JSC a written invoice upon completion of the project, though Tecton's owner testified he had telephone conversations regarding payment with the president and the vice president of JSC.

Over one year later, on December 2, 2013, Tecton's owner sent an email to JSC, requesting payment for Tecton's work on the subcontracts.  JSC failed to pay Tecton for any of its work on the completed subcontracts.  On December 23, 2013, JSC sent a letter to Tecton, informing Tecton that JSC would be going out of business on January 1, 2014.  Tecton's counsel contacted JSC on December 29 and 30, 2013, to inquire about payment.  JSC did not return the calls or emails.

Tecton filed a demand for arbitration on December 31, 2013, with the American Arbitration Association.  The arbitration demand named both JSC

---

[1] 8 P.S. § 191.

and Liberty Mutual as respondents. Liberty Mutual received service of the arbitration demand on January 7, 2014. On February 7, 2014, Tecton's counsel received a letter from Liberty Mutual, dated January 31, 2014, informing Tecton that the arbitration agreement in the contract between JSC and Tecton was not binding on Liberty Mutual. The letter also stated the Public Works Contractors' Bond Law of 1967 governed Tecton's claim. This law required Tecton to bring an action for nonpayment within one (1) year and ninety (90) days after its work ceased on the construction project. The letter noted that one year and ninety days had elapsed since Tecton finished its work on the project.

Tecton then filed a writ of summons against Liberty Mutual on February 14, 2014, and filed a complaint on February 28, 2014. Following preliminary objections by Liberty Mutual, Tecton filed an amended complaint on May 13, 2014. Liberty Mutual re-filed preliminary objections on June 3, 2014. The court overruled Liberty Mutual's new preliminary objections on July 15, 2014. Liberty Mutual filed an answer to Tecton's complaint on August 1, 2014.

On November 17, 2014, Liberty Mutual filed a motion for summary judgment. Tecton filed a motion in opposition to summary judgment on December 18, 2014, and Liberty Mutual filed a reply on December 30, 2014. The court granted summary judgment in favor of Liberty Mutual on February 19, 2015. Tecton timely filed a notice of appeal on March 10, 2015. The

court did not order a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Tecton filed none.

Tecton raises one issue for our review:

WHETHER THE TRIAL COURT COMMITTED A REVERSIBLE ERROR OF LAW OR ABUSED ITS DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF LIBERTY MUTUAL INSURANCE COMPANY AND AGAINST [TECTON] WHERE THERE WAS A GENUINE ISSUE OF MATERIAL FACT OUTSTANDING AS TO WHETHER THE APPLICABLE STATUTE OF LIMITATIONS HAD BEEN TOLLED?

(Tecton's Brief at 4).

Tecton argues a genuine issue of material fact exists in this case to preclude summary judgment. Specifically, Tecton claims JSC's representatives knew the company was unable to pay Tecton, although JSC repeatedly promised payment. Tecton contends it reasonably relied on JSC's promises, and JSC committed fraud. Tecton asserts Liberty Mutual's surety relationship with JSC makes Liberty Mutual liable for JSC's fraud. Tecton concedes it filed its action against Liberty Mutual more than one year and ninety days after it completed work on the project, but Tecton avers it is entitled to equitable tolling of the statute of limitations due to JSC's fraud. Tecton maintains the question of whether JSC's fraud tolled the statute of limitations is a jury question. Tecton concludes the trial court erred by granting summary judgment to Liberty Mutual, and this Court should remand for a trial. We disagree.

Our standard of review of an order granting summary judgment

requires us to determine whether the trial court abused its discretion or committed an error of law. ***Mee v. Safeco Ins. Co. of Am.***, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. ***Pappas v. Asbel***, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will **bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of**

**action** or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted) (emphasis added).

Following a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Pamela Pryor Dembe, we conclude Tecton's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's legal question. (**See** Trial Court Opinion, filed February 18, 2015, at 2-8) (finding: statute specifies bond claims must be brought within one year and ninety days after subcontractor completes work; Tecton's right to collect from Liberty Mutual under bond lasted only for relevant statute of limitations period; Tecton admits it missed technical deadline for filing its bond claim; JSC's assurances of payment are irrelevant because Tecton knew it was not being paid and could have sued Liberty Mutual on bond before statute of limitations expired; no factual or legal basis exists to toll applicable statute

of limitations with respect to Liberty Mutual).  We agree.  The record supports the court's decision.  Nothing in the record demonstrates Tecton requested payment from JSC in writing for over one year, until December 2, 2013, despite having finished the project at the latest in very early November 2012.  Tecton admittedly filed its civil claim against Liberty Mutual on February 14, 2014, more than one year and ninety days after Tecton had completed work on the project.  Tecton knew JSC had not paid Tecton, Tecton knew Liberty Mutual held the bond, Tecton knew the time constraints for suing on the bond, yet Tecton failed to sue on the bond in a timely manner.  JSC's alleged promises of payment cannot be imputed to Liberty Mutual, because Liberty Mutual made no direct promises to pay Tecton.  **See generally Gurenlian v. Gurenlian**, 595 A.2d 145 (Pa.Super. 1991) (holding promise to pay and acknowledgment of indebtedness must be unequivocal and unconditional to toll statute of limitations); **Manganas Printing C., Inc. v. Joseph Bucheit and Sons Co.**, 601 F.Supp. 776 (W.D.Pa. 1985) (stating contractor's assurances of payment did not prevent bond claim from accruing against surety; contractor's assurances of payment did not estop surety from raising statute of limitations defense, where surety's obligations were defined solely by bond).  Thus, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/9/2015</u>

REC''VED

FEB 19 2015

R. POSTELL
DAY FORWARD

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION –CIVIL**

| | | |
|---|---|---|
| TECTON CORP., INC. | : | February Term, 2014 |
| | : | |
| *Plaintiff* | : | Case No. 140201446 |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL | : | Commerce Program |
| INSURANCE COMPANY | : | |
| *Defendant* | : | Control No. 14112106 |

## ORDER

**AND NOW**, this _____ day of February, 2015, upon consideration of

defendant's Motion for Summary Judgment, plaintiff's Reply in Opposition to defendant's

Motion for Summary Judgment, defendant's Surreply to plaintiff's Reply in Opposition to

defendant's Motion for Summary Judgment, and the respective memoranda of law in support and

opposition to defendant's Motion for Summary Judgment, it is **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment on all claims is **GRANTED**.

2. All claims against defendant are **DISMISSED WITH PREJUDICE.**

DOCKETED

FEB 19, 2015

R. POSTELL
DAY FORWARD

**BY THE COURT,**

_____
**PAMELA PRYOR DEMBE, J.**

Tecton Corp., Inc. Vs L-ORDOP



14020144600036

1

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  R. POSTELL 02/19/2015

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION –CIVIL

| | | |
|---|---|---|
| TECTON CORP., INC. | : | February Term, 2014 |
| | : | |
| *Plaintiff* | : | Case No. 140201446 |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL | : | Commerce Program |
| INSURANCE COMPANY | : | |
| *Defendant* | : | Control No. 14112106 |

## MEMORANDUM OPINION

### I.    BACKGROUND

On December 2, 2010, the City of Philadelphia awarded a contract ("Contract") to J.S.

Cornell & Son, Inc. ("JSC") to serve as the general contractor for a public construction project

known as Interior Renovations to Police Tactical Headquarters, 660 E. Erie Ave., Philadelphia

PA ("Project").[1] Liberty Mutual Insurance Company ("Liberty") supplies surety bonding as

payment and performance security on construction projects.[2]

On or about December 10, 2010, Liberty issued Payment Bond Number 019-034-003

("Bond") naming JSC as principal in connection with the Project.[3] The Bond provides that where

JSC fails to make prompt payment to a Claimant, the Claimant's rights under the Bond and

Liberty's obligation to a Claimant under the Bond "shall be governed solely by the Public Works

Contractors' Bond Law of 1967, 8 P.S. § 191, *et seq.*"[4]

---

[1]    Defendant's Motion for Summary Judgment at ¶ 2.
[2]    Defendant's Motion for Summary Judgment at ¶ 1.
[3]    Defendant's Motion for Summary Judgment at ¶ 3.
[4]    Exhibit "C" of Plaintiff's Complaint at ¶ 4.

2

JSC subcontracted certain masonry, stucco, and carpentry work under the Contract to Tecton Corp., Inc. ("Tecton") by way of two purchase orders dated and executed by Tecton on or about July 11, 2011 ("Subcontracts").[5] Tecton completed all of its work under the Subcontracts in or about November 2012.[6] JSC failed to pay Tecton any amount due under the Subcontracts.[7] Tecton repeatedly requested payment from JSC and JSC promised Tecton payment.[8]

On or about December 23, 2013, JSC sent a letter to Tecton informing them that JSC will be going out of business effective January 1, 2014.[9] Tecton's counsel telephoned JSC's counsel on December 29, 2013 and emailed JSC's counsel on December 30, 2013 to inquire about the outstanding payment.[10] Upon receiving no response, Tecton filed a demand for arbitration with the American Arbitration Association ("AAA") naming JSC and Liberty as respondents.[11] On or about January 7, 2014, Liberty was served with a copy of the AAA Arbitration Demand.[12] On or about February 7, 2014, Tecton's counsel received a letter from Liberty dated January 31, 2014, acknowledging receipt of the AAA Arbitration Demand and stating Liberty's refusal to participate in the arbitration because Liberty is not bound by the arbitration agreement.[13] As a result, Tecton initiated this action by filing a Writ of Summons against Liberty on February 14, 2014.[14] Tecton commenced this action under the Bond more than one (1) year plus ninety (90) days after Tecton last performed work on the Project.[15]

---

[5]     Plaintiff's Complaint at ¶¶ 3-4. Tecton agreed to perform masonry and stucco work in exchange for $149,600 from JSC and agreed to perform carpentry work in exchange for $87,614 from JSC.
[6]     Plaintiff's Complaint at ¶¶ 8-9 and 15.
[7]     Plaintiff's Complaint at ¶ 14.
[8]     Plaintiff's Complaint at ¶ 16.
[9]     Plaintiff's Complaint at ¶ 18.
[10]     Plaintiff's Complaint at ¶¶ 19-21.
[11]     Plaintiff's Complaint at ¶¶ 22-24. The Subcontracts contain arbitration clauses requiring all claims between Tecton and JSC arising out of the Subcontracts to be resolved this way.
[12]     Plaintiff's Complaint at ¶ 29.
[13]     Plaintiff's Complaint at ¶ 31.
[14]     Plaintiff's Complaint at ¶ 33.
[15]     Plaintiff's Response to Defendant's Summary Judgment Motion at ¶ 21.

Currently, plaintiff alleges that (1) JSC engaged in deceptive conduct which Tecton relied upon in not commencing the action within the statutory limitation period and (2) Liberty's waiting twenty-four days to respond to Tecton's arbitration demand led to the statute of limitations running.[16]

Presently before this court is Liberty's Motion for Summary Judgment, which argues that (1) Tecton's claim against Liberty was filed late under the Statute of Limitations and no factual or legal basis exists to toll the Statute and that (2) Tecton failed to make out the elements required for their claim of promissory estoppel.[17] The court discusses Liberty's arguments below.

## II. DISCUSSION

A party may move for summary judgment as a matter of law if (1) there lacks a genuine issue of material fact as to a necessary element of the cause of action or defense or if (2) there is insufficient evidence essential to the plaintiff's cause of action.[18] In deciding a summary judgment motion, the record is viewed in a light most favorable to the non-moving party and summary judgment is entered only where the right to summary judgment is clear such that reasonable minds cannot differ.[19] Where motion for summary judgment is supported, the non-moving party cannot simply rest on averments made in their pleadings.[20] They must show that a genuine issue of fact exists by affidavit or otherwise.[21]

Liberty's motion for summary judgment is premised upon Tecton's filing late under the Statute of Limitations and failure to make out the elements of the promissory estoppel count. The court finds, for the reasons that follow, that (1) Tecton's claim was filed late under the applicable

---

[16] Plaintiff's Response to Defendant's Motion for Summary Judgment at ¶ 21.
[17] Defendant's Motion for Summary Judgment.
[18] Pa. R. Civ. P. 1035.2 Motion.
[19] Liles v. Balmer, 567 A.2d 691, 692 (Pa. Super. Ct. 1989); Atcovitz v. Gulph Mills Tennis Club, Inc., 812 A.2d 1218, 1222 (Pa. 2002).
[20] Johnson v. Harris, 615 A.2d 771, 775 (Pa. Super Ct. 1992); Liles, 567 A.2d at 692.
[21] Id.

4

Statute of Limitations; (2) no factual or legal basis exists to toll the Statute; and (3) Tecton failed

satisfy the necessary elements for a promissory estoppel claim.

## I.    Plaintiff's claim was filed late under the applicable Statute of Limitations.

Under Pennsylvania law, the statute of limitations begins to run when "the right to institute

and maintain a suit arises."[22] The Pennsylvania Public Works Contractors' Bonds statute allows

a claimant under a payment bond to bring an action under the bond after ninety days from the

claimant's last date of work on the underlying construction project.[23] Under the applicable statute

of limitations, the claimant under a payment bond must file suit within one year.[24] The one-year

limitation period for a subcontractor's cause of action against a contractor's surety under a

payment bond begins to run ninety days after the subcontractor's work is completed.[25] Once "the

prescribed statutory period has run, an injured party is prohibited from bringing" their cause of

action.[26]

Here, plaintiff admits commencing this action under the Bond beyond one year plus ninety

days after Tecton last performed work on the Project.[27] Counts I and II of plaintiff's complaint

allege defendant is liable for payment under the Subcontracts pursuant to the Bond.[28] Therefore,

unless a reason exists to toll the statute of limitations, Counts I and II of plaintiff's complaint

must be dismissed.

## II.    No factual or legal basis exists to toll the applicable Statute of Limitations

Pennsylvania law provides exceptions to the general rule prohibiting bringing suit beyond the

statute of limitations period. One exception, the discovery rule, is a "judicially created device

---

[22]    Morgan v. Petroleum Products Equipment Co., 92 A.3d 823, 828 (Pa. Super. Ct. 2014).

[23]    See 8 P.S. § 194(a).

[24]    See 42 Pa. C.S. § 5523(3).

[25]    Centre Concrete Co. v. AGI, Inc., 559 A.2d 516, 518 (Pa. 1989).

[26]    Morgan, 92 A.3d at 828.

[27]    Plaintiff's Response to Defendant's Motion for Summary Judgment at ¶ 21.

[28]    Plaintiff's Complaint at ¶ 42 and 48.

which tolls the running of the applicable statute of limitations until...the complaining party knows or reasonably should know" of another party's conduct causing the party injury.[29] Pennsylvania's discovery rule applies to all causes of action.[30] While normally a factual determination is left for a jury to decide, where "reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law."[31]

Another exception, fraudulent concealment, prevents a defendant from invoking the statute of limitations if through defendant's fraud or concealment plaintiff "relax[es] his vigilance or deviate[s] from his right of inquiry into the facts."[32] The court is who determines "whether an estoppel results from established facts."[33] A statute of limitations which is tolled "by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause."[34]

Here, Tecton knew JSC was not paying as required despite the work being complete under the Subcontracts as shown by Tecton's repeated requests for payment from JSC.[35] Regardless of whether JSC was Liberty's agent for the purposes of fraudulent concealment analysis and regardless of JSC's assurances of payment, Tecton was aware they were not actually being paid and could have filed suit at any time. Because Tecton was aware of the injury underlying Counts I and II against Liberty after completing its work on the Project, the statute of limitations does not toll under either the discovery rule or fraudulent concealment. Because no factual or legal basis exists to toll the applicable statute of limitations, the court must dismiss Counts I and II of plaintiff's complaint.

---

[29] Morgan, 92 A.2d at 828 (citing Coleman v. Wyeth Pharm., Inc., 6 A.3d 502, 510 (Pa. Super. Ct. 2010) ).
[30] Sadtler v. Jackson-Cross Co., 587 A.2d 727, 731 (1991).
[31] Morgan, 92 A.2d at 829 (citing Fine v. Checcio, 870 A.2d 850, 858-9 (Pa. 2005) ).
[32] Fine, 870 A.2d at 860 (citing Deemer v. Weaver, 187 A. 215, 217 (Pa. 1936)).
[33] Id. (citing Nesbitt v. Erie Coach Co., 204 A.2d 473, 476 (Pa. 1964)).
[34] Id. at 861.
[35] Plaintiff's Complaint at ¶ 10-11, 16.

**III.    Plaintiff fails to satisfy the elements of a claim for Promissory Estoppel.**

A plaintiff establishes a claim for promissory estoppel through showing that (i) promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promise; (ii) promisee took action or refrained from taking action in reliance on the promise; and (iii) injustice can be avoided only by enforcing the promise.[36] Summary judgment as a matter of law is appropriate where there is insufficient evidence essential to the plaintiff's cause of action.[37] Where motion for summary judgment is supported, the non-moving party cannot simply rest on averments made in their pleadings.[38] They must show that a genuine issue of fact exists by affidavit or otherwise.[39]

Here, the record establishes that Liberty did not make a promise that could have been reasonably expected to induce Tecton's forbearance from filing suit. Tecton's sole officer, shareholder, and corporate designee testified to such in his October 27, 2014 deposition as follows:

Q. Did Liberty ever promise payment to Tecton?

A. I mean, the word "promise," no. I mean, you mean verbally or written?

Q. In any capacity.

A. I'd say none, no.[40]

First, plaintiff attempts to show a genuine issue of fact exists by offering the Bond itself as evidence that Liberty made a promise to plaintiff on which they could reasonably rely.[41] However, as previously stated, Tecton's rights under the Bond were governed solely by the

---

[36]    Crouse v. Cyclops Industries, 745 A.2d 606, 611 (Pa. 2000).

[37]    Pa. R. Civ. P. 1035.2 Motion.

[38]    Johnson, 615 A.2d at 775; Liles, 567 A.2d at 692.

[39]    Id.

[40]    Plaintiff's Response to Defendant's Motion for Summary Judgment Exhibit "C" at p. 126: 7-12.

[41]    Plaintiff's Response to Defendant's Motion for Summary Judgment at ¶ 28, 30.

7

Public Works Contractors' Bond Law of 1967, 8 P.S. § 191, *et seq.*[42] Tecton's right to collect from Liberty under the Bond only lasted for the applicable statute of limitations period. It is clear and free from doubt that Tecton could not have reasonably believed that Liberty, in issuing the Bond, was promising to remain liable for payments owed under it beyond the time period allotted within the Bond itself.

Lastly, plaintiff alleges JSC made promises of payment such that Liberty is responsible for the promises JSC made to which plaintiff may have reasonably relied.[43] The parties disagree as to whether Tecton has ever alleged in any part of the record that JSC is an agent of Liberty.[44] However, reasonable minds could not differ in finding that there is insufficient evidence in the record to establish that JSC is Liberty's agent. With only evidence of JSC's promises being provided and no evidence that Liberty either authorized JSC to act on Liberty's behalf or that JSC could be considered an agent of Liberty, the court must dismiss Count III of plaintiff's complaint.

## III.   CONCLUSION

For the forgoing reasons, defendant's Motion for Summary Judgment on all claims is granted, and all claims against defendant are dismissed with prejudice.

BY THE COURT,

_____

**PAMELA PRYOR DEMBE, J.**

2./8·/5

---

[42]    Exhibit "C" of Plaintiff's Complaint at ¶ 4.
[43]    Plaintiff's Complaint at ¶¶ 16-18, 26.
[44]    Defendant's Motion for Summary Judgment at ¶ 31; Plaintiff's Response to Defendant's Motion for Summary Judgment at ¶ 31.

8